UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL LEE WALKER,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 22-cv-986-JPG

Criminal No 18-cr-40087-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    This matter comes before the Court on petitioner Randall Lee Walker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court also addresses his motion for leave to proceed *in forma pauperis* (Doc. 2), motion for service by publication (Doc. 3), and motion for recruitment of counsel (Doc. 4).

**I.    Background**

    On May 29, 2019, Walker pled guilty to one count of distribution of an unspecified amount of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(C) (Count 1) and one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) (Count 2). On July 30, 2020, the Court sentenced him to serve 230 months in prison on Count 1 and 120 months in prison on Count 2, to run concurrently.[1] Walker did not appeal.

    In his § 2255 motion, Walker raises the following claims:

    Ground 1:    In the beginning of September 2017, his counsel secretly bribed Walker while he was detained in the Jackson County Jail in violation of his Sixth

---

[1] At the same sentencing hearing, the Court sentenced Walker in a separate case, Case No. 20-cr-40057-JPG, to 60 months in prison for attempted escape to run concurrently with the sentence imposed in Case No. 18-cr-40087-JPG.

                Amendment right to effective assistance of counsel;

Ground 2a:    Insufficient evidence that he possessed a firearm; and

Ground 2b:    Violation of the legal principles of *Rehaif v. United States*, 139 S. Ct. 2191 (2019); *Johnson v. United States*, 576 U.S. 591 (2015), and *Mathis v. United States*, 579 U.S. 500 (2016).

Before turning to an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court finds it advisable to address the timeliness of Walker's § 2255 motion.

## II.    Timeliness

The Court believes that Walker raises his claims beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable trigger for the one-year period for Walker is found either in § 2255(f)(1), or (3); he has not asserted any governmental impediment to making a motion or any newly discovered evidence. The Court addresses each of these potential trigger dates in turn.

A.      § 2255(f)(1): Date Conviction Became Final

Under § 2255(f)(1), Walker's conviction became final more than a year before he filed his § 2255 motion.   Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011); *cf. Clay v. United States*, 537 U.S. 522, 524-25 (2003) (affirmed conviction becomes final for § 2255 purposes when time for filing a petition for a writ of *certiorari* expires).   Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed him 14 days from his sentencing on July 30, 2020, to file a notice appeal.[2]   Walker's 14-day period expired on August 13, 2020.   Therefore, his period to file a § 2255 motion under § 2255(f)(1) expired one year later, on August 13, 2021.   His May 11, 2022, motion was eight months beyond that deadline.

B.      § 2255(f)(3):  Date Right Initially Recognized by Supreme Court

Walker may argue that § 2255(f)(3) establishes the trigger for his one-year period for his arguments based on *Johnson v. United States*, 576 U.S. 591 (2015), *Mathis v. United States*, 579 U.S. 500 (2016), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   *Johnson* was decided on June 26, 2015, *Mathis* on June 23, 2016, and *Rehaif* on June 21, 2019.   Assuming each of these cases initially recognized a new right that applies retroactively to cases on collateral review, they could not have started the one-year limitations period under § 2255(f)(3) such that Walker's § 2255 motion was timely.   The latest of these (*Rehaif*) was decided on June 21, 2019.

---

[2] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the 14-day period from the date the Government filed its notice of appeal, did not apply to Walker because the Government did not file a notice of appeal.

Therefore, Walker's period to file a § 2255 motion under § 2255(f)(3) expired at the latest one year later, on June 21, 2020.  His May 11, 2022, motion was almost two years too late.

### III.   Conclusion

In light of the foregoing, the Court believes Walker's § 2255 motion is barred by the one-year limitations period set forth in § 2255(f).   However, because Walker was not required to articulate his statute of limitations arguments in his § 2255 motion, the Court will give him an opportunity to do so now before finally deciding the issue.   Accordingly, the Court **ORDERS** Walker to **SHOW CAUSE** on or before July 15, 2022, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f).   The Government shall have 14 days to reply to Walker's response.   These briefs should only address the statute of limitations arguments.

The Court further:

- **DENIES without prejudice** Walker's motion for leave to proceed *in forma pauperis* (Doc. 2).   There is no fee to file a § 2255 motion, and Walker may reapply should the need for pauper status arise later;

- **DENIES as moot** Walker's motion for service by publication (Doc. 3).   There is no formal service of a § 2255 motion, the functional continuation of a criminal case. Instead, the Clerk of Court delivers a copy of the motion to the United States Attorney. Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts;

- **DENIES without prejudice** Walker's motion for appointment of counsel (Doc. 4).   It appears that at this point the main issue involves calculating deadlines, Walker appears competent to represent himself, and the presence of counsel is unlikely to make a difference in the outcome.   Walker may reapply if the circumstances change.

**IT IS SO ORDERED.**
**DATED:   June 17, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
